IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEPHEN M. PRICE, JR.,

      Petitioner,

v.                                       CASE NO. 1:10-cv-65-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Respondent filed a response and an appendix with relevant portions of the state-court record. (Doc. 15.) Petitioner filed a reply. (Doc. 16.) Upon due consideration of the Petition, the Response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## Summary of State-Court Proceedings

Petitioner was charged with arson and burglary for setting his ex-girlfriend Stephanie Richey's truck on fire. The following account was adduced at trial. On the night of the arson, Petitioner and Ms. Richey had a loud verbal altercation, to which law enforcement ultimately responded. When the police arrived, Petitioner, who was intoxicated, repeatedly complained to the officers that Ms. Richey's truck was illegally parked. After about half an hour, the officers were called back to Ms. Richey's home,

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

where her truck was now on fire. Ms. Richey stated that she had seen someone running from the truck, and pointed in the direction that she had seen the individual. An officer found Petitioner after a short chase, pretending to be asleep in the woods. Petitioner smelled of burning plastic. At Petitioner's trial, a neighbor named Albert Gregory testified that he had heard the argument between Petitioner and Ms. Richey, and that he had overheard Petitioner threaten to burn Ms. Richey's truck. Ms. Richey, several law enforcement officers, and a fire inspector also testified at the trial.

The jury convicted Petitioner of arson and burglary. (Resp. Ex. B, at 30.) On July 18, 2007, Petitioner was sentenced to 10 years imprisonment on the arson charge and 5 years imprisonment on the burglary charge, to run concurrently, and received 300 days credit for time served. (Resp. Ex. B, at 31-37.)

Petitioner appealed his conviction. (Resp. Ex. B, at 42.) The First DCA affirmed *per curiam* without opinion. (Resp. Ex. G; *Price v. State*, 977 So. 2d 584 (Fla. 1st DCA 2008)). The mandate issued on April 7, 2008. (Resp. Ex. H.) Petitioner did not appeal further.

Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.800(c), which was denied on April 23, 2008. (Resp. Exs. I, J.) Petitioner then filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3850. (Resp. Ex. K.) Petitioner voluntarily dismissed the first 3.850 motion, and refiled an amended motion on August 28, 2008. (Resp. Exs. L, M, O.) The motion was summarily denied on June 16, 2009, and the postconviction court denied Petitioner's motion for rehearing. (Resp. Exs. O, 18-98, 99-109.) The First DCA *per curiam* affirmed without opinion on February 25, 2010. (Resp. Exs. R; *Price v. State*, 31 So. 3d 180 (Fla. 1st DCA 2010)). The First DCA

denied Petitioner's motion for rehearing and issued the mandate on April 16, 2010.

(Resp. Exs. S, T, N.)

The instant Petition followed. (Doc. 1.) Petitioner asserts five claims for relief: (1)

his trial counsel was ineffective for failing to depose a favorable witness; (2) his trial

counsel was ineffective for failing to impeach Albert Gregory; (3) his trial counsel was

ineffective for failing to move for a judgment of acquittal; (4) his trial counsel was

ineffective for failing to object or move for a mistrial based on statements by the

prosecutor; and (5) his trial counsel was ineffective due to cumulative error. (Doc. 1.)

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's

application for a writ of habeas corpus based on a claim already adjudicated on the

merits in state court unless that adjudication "resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and

convincing evidence that the state court's factual determination was "objectively

unreasonable" to rebut the presumption that the determination was correct. *Gill v.*

*Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state

court's adjudication of the merits of the federal claim "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly

established Federal law, as determined by the Supreme Court of the United States,"

refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower

federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before

it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited

role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

Because several of Petitioner's claims allege ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the

strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en

banc). "No lawyer can be expected to have considered all of the ways [to provide

effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other
> reasonable courses of defense (that the lawyer did not think of at all)
> existed and that the lawyer's pursuit of course A was not a deliberate
> choice between course A, course B, and so on. The lawyer's strategy was
> course A. And [the Court's] inquiry is limited to whether this strategy, that
> is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's

unreasonable conduct might have had "some conceivable effect on the outcome of the

proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a

"reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id*. at 694. A "reasonable probability is defined

as a probability sufficient to undermine confidence in the outcome." *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel

claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is

a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was

committed, but whether the state court decision is contrary to or an unreasonable

application of federal law that has been clearly established by decisions of the Supreme

Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not

enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal

law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785

(quotation marks omitted). And "even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

### Claim 1: Ineffective assistance of counsel for failing to call Michael Rutledge as a witness

Petitioner contends that his trial counsel rendered ineffective assistance for failing to depose an individual named Michael Rutledge. (Doc. 1, at 5.) Petitioner asserts that

Mr. Rutledge would have "directly contradicted the state's key witness 'Albert Gregory.'"
*Id.* The state court construed this claim as a claim that trial counsel was ineffective for
failing to call Mr. Rutledge as a witness, and rejected the claim on the merits on
postconviction review. (Resp. Ex. O, at 19-20.) Because Mr. Rutledge was not called
as a witness, this Court will construe the claim in the same manner.

"Complaints concerning uncalled witnesses impose a heavy showing since the
presentation of testimonial evidence is a matter of trial strategy and often allegations of
what a witness would have testified to are largely speculative." *United States v. Guerra*,
628 F.2d 410, 413 (5th Cir. 1980). In this case, Petitioner speculates only that Mr.
Rutledge would have testified that on the night of the arson, Petitioner told Mr. Rutledge
that Petitioner would "kick Mr. Rutledge's ass" if he did not leave Ms. Richey's home.
Petitioner speculates that this testimony would have contradicted the testimony of the
State witness Mr. Gregory, who testified at trial that he heard Petitioner say that he was
"going to get some gasoline to burn [Ms. Richey's] damn truck." (Resp. Ex. C, at 49.) In
dismissing this claim on postconviction review, the state court wrote:

> As to ground (A), Defendant alleges that trial counsel was
> ineffective for failing to call Michael Rutledge as a defense witness at trial.
> *See* State's Supplemental Discovery Exhibit; Notice of Taking Deposition.[2]
> At trial, State witness Albert Gregory testified that, prior to the arson which
> occurred in this case, he heard Defendant say "something about getting
> some gasoline and burning [the victim's] truck. *See* Trial Transcript at 48
> (lines 6-25) -49 (lines 1-10). Defendant contends that Gregory
> misinterpreted what he actually said. According to Defendant, what he

---

[2]Petitioner asserts that the state court "improperly denied the claim by supplying
'only' a notice of taking deposition instead of the actual deposition itself." (Doc. 1, at 5.)
It is undisputed that Mr. Rutledge was not called as a witness at trial. Because the
state court reasonably construed Petitioner's claim as a complaint that Mr. Rutledge
was not called as a witness, Petitioner's complaint regarding the "notice of taking
deposition" is irrelevant to this analysis.

actually said was that he would "kick [Michael Rutledge's] ass" if he did not leave. Defendant argues that Michael Rutledge's testimony would have shown this.

Besides the testimony of Gregory, there was other circumstantial evidence supporting Defendant's guilt that was presented at trial. First, multiple law enforcement officers testified that they had been called out to the victim's home, prior to the time that the arson occurred, in order to remove Defendant from the property. *See* Trial Transcript at 38 (lines 13-25)-40 (lines 1-8), 44 (lines 3-20), 58 (lines 21-25), 62 (lines 1-9), 72 (lines 1-25)-73 (lines 1-21), 82 (lines 2-25)-83 (lines 1-13), 87 (lines 2-25) -88 (lines 1-5). Second, law enforcement saw Defendant running from the scene of the arson; and when they found him, he had an odor similar to that of the burnt truck about his person, as well as having a lighter sans cigarettes. *See* Trial Transcript at 63 (lines 1-25)-67 (lines 1-9), 74 (lines 7-25)-77 (lines 1-23), 80 (lines 11-20), 83 (lines 17-25)-84 (lines 1-12), 88 (lines 10-25)-89 (lines 1-3), 90 (lines 8-11). Third, the fire in the victim's truck was caused by arson, not an accident. *Id.* at 99 (lines 19-25)-100 (lines 1-11). Even if counsel did err by failing to call Rutledge as a witness, Defendant fails to show a reasonable probability that this error would have affected the outcome of the trial. This claim is without merit.

(Resp. Ex. O, at 19-20.)

The state court's rejection of Petitioner's claim was a reasonable application of federal law. Petitioner has failed to show that his counsel's performance, in failing to call Mr. Rutledge as a witness, was deficient. Even assuming that Mr. Rutledge would have testified as Petitioner speculates that he would – by stating that Petitioner told Mr. Rutledge that Petitioner would "kick his ass" – this statement does not contradict Mr. Gregory's testimony. Accordingly, it was not deficient performance to fail to call a witness who would not have impeached the state's key witness.

Petitioner also fails to demonstrate that if his counsel had called Mr. Rutledge as a witness, the outcome of the trial would have been different. As noted, Mr. Rutledge's testimony would not have contradicted the key witness testimony of Mr. Gregory. And as the state court observed, there was a great deal of other circumstantial evidence to

support a guilty verdict. On the night of the arson, police officers were called to Ms. Richey's home to remove Petitioner from the scene because of the loud, screaming fight he was having with Ms. Richey, and Petitioner complained to the officers that Ms. Richey's truck was improperly parked and improperly tagged. (Resp. Ex.C, at 60-61, 73, 82, 87.) Ms. Richey saw an individual fleeing from the scene, and officers immediately located Petitioner running in the location that Ms. Richey identified. *Id.* at 49, 63-64. Officers chased Petitioner into the woods, where he lay down on the ground as if he had been asleep. *Id.* at 64. Officer Kenneth Singletary testified that Petitioner smelled of burning plastic and burning upholstery, was disheveled and sweaty, and had a lighter in his pocket. *Id.* at 65-66, 76-77, 80, 84, 88-89. In light of this other evidence against him, Petitioner cannot show that the outcome of his trial would have been different if Mr. Rutledge had testified.

On this record, Petitioner has failed to show that the state court's rejection of this claim under *Strickland* was contrary to, or an unreasonable application of, federal law.

### Claim 2: Ineffective assistance of counsel for failing to impeach Albert Gregory

Petitioner claims that his trial counsel was ineffective for failing to impeach the State witness Albert Gregory, who testified that he heard Petitioner state that he was going to get some gasoline and burn the victim's truck. Petitioner asserts that his counsel failed "to impeach Gregory on testimony that would have been given by Rutledge;" that counsel should have impeached Mr. Gregory by pointing out that Mr. Gregory could not always identify Defendant's voice; and that counsel should have "properly questioned" Mr. Gregory. The state postconviction court rejected this claim on the merits:

As to ground (B), Defendant alleges that trial counsel was ineffective for failing to impeach State witness Albert Gregory. First, counsel *did* impeach Gregory at trial; and he did so exactly on the points that Defendant alleges in his motion. *See* Trial Transcript at 52 (lines 1-25)-57 (lines 1-21). Second, Gregory *did* speak with investigators about Defendant's statement after the offense occurred. *Id.* at 94 (lines 12-25)-97 (lines 1-13). Third, Defendant's statement under this ground that the investigators were "not even certain [that] there was an arson" is a patently false statement. *Id.* at 100 (lines 6-11). Defendant fails to show either error by counsel or prejudice. This claim is without merit.

(Resp. Ex. O, at 20.)

Petitioner has failed to show that his trial counsel's performance was deficient under *Strickland*, because, as the state postconviction court noted, trial counsel did impeach Mr. Gregory. He asked Mr. Gregory first if he was asleep during the altercation between Plaintiff and Ms. Richey, the victim. (Resp. Ex. C, at 51.) He then pointed out that Mr. Gregory has a "sleeping condition" that causes him to "fall asleep very easily," and that Mr. Gregory had not actually seen anyone set a fire. *Id.* Counsel also asked Mr. Gregory about his past and ongoing treatment for mental health issues, as well as about his memory problems. *Id.* at 52-53, 56. Finally, while Petitioner's counsel did not ask Mr. Gregory if he could identify Petitioner's voice, this was not necessary because the prosecutor asked this question. *Id.* at 55. Mr. Gregory responded that he knew Petitioner's voice "[s]ometime, but not all the time." *Id.* Accordingly, there was no need for Petitioner's counsel to ask Mr. Gregory the same question again. On this record, Petitioner has failed to show that the state court's rejection of this claim on the performance prong of *Strickland* was contrary to, or an unreasonable application of, federal law.

**Claim Three: Ineffective assistance of counsel for failing to move for a judgment of acquittal**

Petitioner asserts that his counsel was ineffective for failing to move for a judgment of acquittal "based on the prosecution pyramiding circumstantial evidence to obtain a conviction." (Doc. 1, at 7.) Petitioner argues that a "conviction cannot be obtained by circumstantial evidence inferred," and identifies the following three improper "inferences" on which he claims his conviction was based: 1) "it was inferred that the Defendant was seen running from the burning truck, but not one witness could identify it was the Defendant running from the burning truck;" 2) "it was inferred that the Defendant smelled of smoke, when in fact the whole area was inundated with smoke from the truck fire," and 3) "it was inferred that the truck fire was a result of arson even though the state fire inspector was uncertain how the fire started." (Doc. 1, at 8.)

The state postconviction court denied this claim on the merits:

> As to ground (C), Defendant alleges that trial counsel was ineffective for failing to move for a judgment of acquittal "based upon the prosecution['s] pyramiding circumstantial evidence to obtain a conviction." First, contrary to the allegation in Defendant's motion, defense counsel *did* argue that no one saw Defendant break into the victim's truck or set it ablaze. *See* Trial Transcript at 108 (lines 8-25) -109 (lines 1-6.) Second, Defendant is actually challenging the sufficiency of the evidence used to convict him, not the effectiveness of trial counsel's motion for judgment of acquittal. Motions filed under rule 3.850 "cannot be utilized for a second appeal." *Jones v. State*, 446 So. 2d 1059, 1061-62 (Fla. 1984). A defendant cannot challenge the sufficiency of the evidence underlying his conviction through a rule 3.850 motion, especially where there has been a direct appeal. *Betts v. State*, 792 So. 2d 589, 590 (Fla. 1st DCA 2001). "Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack." *Johnson v. State*, 593 So. 2d 206, 208 (Fla. 1992). This claim is without merit.

(Resp. Ex. O, at 20-21.)

Insofar as Petitioner's claim is actually an attack on the sufficiency of the evidence at trial, that claim is procedurally defaulted because Petitioner did not raise sufficiency of the evidence as a federal due process claim in state court. Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" his federal claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted). A petitioner must "do more than scatter some makeshift needles in the haystack of the state court record"; a reasonable reader should be able to understand the factual and legal bases for the federal claim. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir.2005) (quotations and citations omitted). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or by simply labeling the claim 'federal.' " *Baldwin*, 541 U.S. at 32. When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).

In his postconviction motion, Petitioner framed his fourth claim as an ineffective

assistance of counsel claim, as he does here.  The state postconviction court construed

this claim as a second appeal, and denied the claim.  Petitioner did not raise a "pure"

evidence-sufficiency claim as a federal constitutional issue in state court, and the federal

claim would now be procedurally barred in state court.  *See Pearson v. Sec. Dept. Corr.*,

273 Fed.Appx. 847 (11th Cir. 2008) (rejecting sufficiency-of-the-evidence claim as

unexhausted where Petitioner's state-court filings cited exclusively to state cases, and all

of his substantive arguments addressed Florida law).  Petitioner has shown neither

cause nor prejudice to overcome such procedural default.  *See id*.

Even if this claim were not procedurally defaulted, it fails on the merits.  As

Respondent observes, Petitioner's argument appears to conflate the idea of a conviction

based on circumstantial evidence with the distinct issue of "pyramiding inferences" in a

criminal case.  Insofar as Petitioner claims that his trial counsel was ineffective for failing

to move for a judgment of acquittal because the prosecution's case was based on

circumstantial evidence, he is essentially arguing that his counsel should have

challenged the sufficiency of the evidence at trial.  When reviewing a claim of the

sufficiency of the evidence on federal habeas review, this Court is required to view the

evidence in the light most favorable to the prosecution and determine whether any

rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  "In determining

whether the facts of a particular case satisfy the *Jackson* standard, it is necessary to

refer to the essential elements of the crimes as defined by state law." *Wilcox v. Ford*,

813 F.2d 1140, 1143 (11th Cir. 1987) (citations omitted).

For the reasons discussed above, a rational trier of fact easily could have found

that Petitioner was guilty of arson and burglary based on the overwhelming circumstantial evidence offered at trial. Multiple police officers testified that when they arrived at Ms. Richey's house to remove Petitioner, he was loudly and repeatedly complaining about Ms. Richey's truck. Mr. Gregory testified that he heard Petitioner threaten to burn the truck, and Ms. Richey saw an individual running away from the burning truck. When officers chased after an individual running in the location that Ms. Richey indicated, they found Petitioner. Petitioner smelled of burning plastic and upholstery, and was carrying a lighter. Under these circumstances, Petitioner has failed to show that his counsel's performance was ineffective for failing to move for a judgment of acquittal. Neither has he shown prejudice, because he has not demonstrated that such a motion would have been granted.

Insofar as Petitioner claims that his counsel was ineffective for failing to move for a judgment of acquittal based on improper pyramiding of inferences, that claim also fails. Under Florida law, a conviction cannot be based on "pyramiding" inferences – stacking one inference atop another to arrive at a conclusion. *See Edison v. State*, 954 So. 2d 1235, 1238 (Fla. 2d DCA 2007). But pyramiding inferences is not what happened here. Two of the "inferences" to which Petitioner objects are not inferences at all: 1) Petitioner smelled of smoke when he was found by the police; 2) the truck fire was a result of arson. The former was a fact testified to by multiple police officers, and the latter was the opinion of an inspector with the City of Gainesville Fire Rescue, formed after extensive examination of the truck. Petitioner also objects to the inference that he was the individual seen running away from Ms. Richey's truck. While this was indeed an inference – Ms. Richey saw someone running away from the truck, officers chased after

an individual running down the street, and officers found Petitioner – this inference was not impermissibly stacked atop any other inference.  Petitioner cannot show that his counsel's performance was deficient for failing to make this meritless objection, nor can he show that he was prejudiced as a result.  Accordingly, he has also failed to show that the state court's rejection of this claim on postconviction review was contrary to or an unreasonable application of federal law.

***Claim Four: Ineffective assistance of counsel for failing to move for a mistrial during closing statements***

Petitioner asserts that his counsel was ineffective for failing to object to the prosecutor's closing statements and failing to move for a mistrial, based on the prosecutor's "shift[ing] the burden of proof to the defense."  (Doc. 1, at 7.)  During his closing statement, the prosecutor stated that "there's been no other evidence that contradicts what the witnesses have told you."  (Resp. Ex. C, at 140.)  Petitioner argues that this comment was an "impermissible comment on the failure of the Defendant to testify or present witnesses for the defense."  (Doc. 1, at 10.)

The state postconviction court denied this claim on the merits, stating:

> As to ground (D), Defendant alleges that trial counsel was ineffective for failing to object and to move for a mistrial when the state shifted the burden of proof during closing argument.  During closing arguments, the prosecutor argued that "there's been no other evidence that contradicts what the witnesses have told you."  *See* Trial Transcript at 140 (lines 13-16).  This argument does not impermissibly shift the burden of proof to Defendant.  "While a prosecutor may not make a comment which is fairly susceptible of being interpreted as referring to the defendant's failure to testify . . . this does not mean that he or she is prohibited from commenting on the uncontradicted nature of the evidence."  *Williams v. State*, 987 So. 2d 1, 8 (Fla. 2008) (citation omitted).  Here, the prosecutor was merely arguing that the evidence

presented at trial was uncontradicted.  It was not a situation where either "the defendant alone ha[d] the information to contradict the government evidence referred to or the jury 'naturally and necessarily' would [have] interpret[ed] the summation as a comment on the failure to testify. *Hill v. State*, 980 So. 2d 1195, 1198 (Fla. 3d DCA 2008) (citing *Rodriguez v. State*, 753 So. 2d 29, 38 (Fla. 2000)).  This claim is without merit.

(Resp. Ex. C, at 21.)

As the state postconviction court found, any motion for a mistrial based on the prosecutor's statement would have been denied, because the prosecutor's statements were not improper under Florida law.  Accordingly, Petitioner has not shown that his trial counsel's performance was ineffective, because counsel cannot be ineffective for failing to make a meritless argument.  Petitioner has also failed to show that he was prejudiced as a result of his counsel's performance, because he cannot show that a motion for a mistrial would have been granted.  Because Petitioner has not demonstrated that the state postconviction court's ruling was an unreasonable application of or was contrary to *Strickland*, this claim is due to be denied.

### Claim Five: Cumulative error

Finally, Petitioner asserts that cumulative error by his trial counsel deprived him of his Sixth Amendment right to counsel.  In support of this argument, Petitioner repeats the allegations of his four substantive claims.  Because the undersigned finds that those claims are without merit, Petitioner's final claim is also due to be denied.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 1st day of July 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**